JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Saverio Lacroce

### DEFENDANTS
M. Fortuna Roofing, Inc., a/k/a M. Fortuna Roofing & Sons a/k/a Fortuna Roofing, Michael Fortuna

**(b)** County of Residence of First Listed Plaintiff: **Camden**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Pennsylvania**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, Email and Telephone Number)*
Siciliano & Associates, LLC, 16 South Haddon Avenue, Haddonfield, NJ 08033; 856-795-0500; paralegal@sicilianolaw.com

Attorneys *(If Known)*
Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Sec. 1332
Brief description of cause:
Breach of Contract and Negligence

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE
DOCKET NUMBER

DATE: 11/24/14
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| SAVERIO LACROCE,<br><br>Plaintiff,<br><br>vs.<br><br>M. FORTUNA ROOFING, INC., A/K/A M. FORTUNA ROOFING & SONS, A/K/A FORTUNA ROOFING, MICHAEL FORTUNA, jointly, severely and in the alternative,<br><br>Defendants | CIVIL ACTION<br><br>DOCKET NO:<br><br><br><br>**COMPLAINT AND JURY TRIAL DEMAND** |

Plaintiff, Saverio Lacroce (herein after "Lacroce"), whose business address is 815 Hylton Road, Pennsauken, New Jersey, a resident of Camden County, New Jersey, by way of Complaint against the Defendants says:

## INTRODUCTION

Mr. Lacroce entered into a contract with Defendant, M. Fortuna Roofing, Inc., a/k/a M. Fortuna Roofing & Sons, a/k/a Fortuna Roofing, and Michael Fortuna (hereinafter "Fortuna Roofing") on September 27, 2011, which required Fortuna Roofing to install a new Polyglass roof on Lacroce's commercial property located at 815 Hylton Road in Pennsauken, New Jersey. Since the date of the initial roof installation, the roof has never properly functioned and there has been severe repeated water intrusion damage to the building, as well as to the tenants and occupants therein. Due to Defendants' negligent installation and repair of the roof, there have been claims for compensation made by the tenants against Lacroce for the damage that has been

1

caused to their property. The negligent actions of Fortuna Roofing have breached several express and implied warranties.

## JURISDICTION

Jurisdiction is invoked pursuant to 28 U.S.C. § 1332. This court has jurisdiction over Plaintiff's claims due to a diversity of citizenship and an amount in damages over the amount in controversy required by 28 U.S.C. § 1332.

## PARTIES

1. Plaintiff, Saverio Lacroce, at all times relevant to the allegations of this Complaint, is the individual owner whose business address is 815 Hylton Road, Pennsauken, New Jersey and is a resident of Camden County, New Jersey.

2. Defendants, Fortuna Roofing, at all times relevant to the allegations of this Complaint, is a corporation incorporated under the laws of the Commonwealth of Pennsylvania and having offices at 2800 South 10th Street, Philadelphia, PA, and is licensed to do business in the Commonwealth of Pennsylvania.

3. Defendant Michael Fortuna (hereinafter "Michael"), at all times relevant to the allegations of this Complaint, is the owner/operator of M. Fortuna Roofing, Inc., operating his main office at 2800 South 10th Street, Philadelphia, PA, and is licensed to do business in the Commonwealth of Pennsylvania and in the State of New Jersey.

## FACTS

1. On or about September 27, 2011, Plaintiff entered into a contract with Fortuna Roofing to install a new Polyglass roof on Mr. Lacroce's property located at 815 Hylton Road, Pennsauken, New Jersey to include:

- The installation of approx. 56,000 Sq. Ft. New Roof System –White Polyglass "G" Torch applied Mineral Surface Rubber Roofing , including Parapit Walls
- Install Insulation and Base Sheet to from cricket in first drain at corner to help improve drainage
- Install New Brown Aluminum drain line thru the wall at center parapet wall, to help improve drainage
- Work with HVAC contractor, to flash in AC units, as needed, on new curbs and stands, some older AC units, will waterproof paint (white) duct work (not included in roof guarantee
- New Roof will carry a 12 year written guarantee

See, Contract attached hereto as Exhibit A.

2. The contract price, which was paid in full by plaintiff Mr. Lacroce, was eighty-nine thousand dollars ($89,000.00).

3. Since the date of the initial roof installation, the roof has never properly functioned and there has been severe repeated water intrusion damage to the building, as well as to the tenants and occupants therein.

4. Plaintiff Lacroce immediately contacted Michael Fortuna to report the water intrusion, shortly after the roof installation was completed, and repeatedly thereafter.

5. During the next two (2) years, Defendant Fortuna Roofing made service calls in excess of twenty five (25) to try and repair the roof. However, the repair work done to the brand new roof did not cure the problem and only provided a "temporary" fix and/or "band-aid".

6. During this period of time, Defendant neglected to take any precautionary measures that would ensure that the water intrusion roof deficiencies would not cause any further damage to Plaintiff Lacroce's building.

7. On May 13, 2014, after approximately two and a half years, Plaintiff Mr. Lacroce sent correspondence to Fortuna Roofing putting him on notice of a warranty claim; requesting that Defendant send out a representative from Polyglass to inspect the roof to get a new point of view, as the roof was still consistently leaking since the initial installation in 2011. (See, Exhibit

B).

8. Plaintiff through counsel, sent multiple correspondences to Fortuna Roofing in February through April 2014, placing him on notice of the above, as well as to afford Fortuna Roofing the opportunity to repair the roof deficiencies and/or replace the roof, prior to filing suit.

9. Further, on or about March 14, 2014, Lacroce received correspondence from one of his tenants setting forth in detail the damages to his rental spaces of 815 Hylton Road, Suites 4 & 5, for the past eighteen (18) months, requesting that Lacroce reimburse him for all damages upwards in the amount of ten thousand dollars ($10,000.00). This correspondence was also sent to Fortuna Roofing.

10. Fortuna Roofing's prior response, as well as in their March 26, 2014, electronic mail stated: "…this has been one of the worst "weather" winters on record, setting up service, which can address roof issues under proper conditions have been hard, <u>this roof service is a work in progress, and as weather improves, we will be on site to continue to resolve all issues</u>".

11. Fortuna Roofing never returned after March 2014.

12. As of the filing of this Complaint, the roof deficiencies remain unresolved and damage is still accruing to Lacroce's property at 815 Hylton Road, Pennsauken, New Jersey.
Due to Defendants' negligence, there have been claims for compensation made by the tenants against Lacroce for the damage that has been caused to their property as a result of the negligent installation of the roof.

13. Further, due to the Defendants' negligence, Lacroce has been caused to expend thousands of dollars to attempt to remedy this problem, *i.e.*, repairs and lost rent. This situation has caused him substantial individual personal turmoil. He has been embarrassed in the face of his tenants, and reduced to tears in the presence of his tenants.

4

14. The Defendants, Fortuna Roofing and Michael Fortuna have, and should have, prevented Plaintiff Lacroce's ongoing water intrusion roof deficiencies by either making the proper roof repairs in a timely fashion and/or by completely replacing the roof due to their negligent installation. Defendants' negligence, in not following a widely acknowledged practice within the industry, directly resulted in the damage to the Plaintiff's property.

## CAUSES OF ACTION

## FIRST COUNT - BREACH OF CONTRACT

1. Plaintiff alleges and incorporates by reference, as though fully set forth, all of the preceding paragraphs.

2. On, September 27, 2011, Plaintiff entered into a contract for services with Defendant to install a brand new Polyglass roof on Mr. Lacroce's property located at 815 Hylton Road, Pennsauken, New Jersey. Plaintiff had an implied expectation that Defendant would properly install a brand new Polyglass roof without any deficiencies, with a twelve (12) year written guarantee.

3. In reliance upon this expectation the Plaintiff allowed Defendant to commence work on the roof top of his building.

4. Due directly to Defendant's negligence, the brand new Polyglass roof began to leak; thereby causing severe repeated water intrusion damage to the building. This damage breached the Defendant's contractual duty owed to the Plaintiff, and did not meet the expectation contemplated by both parties upon inception of their mutual agreement.

**WHEREFORE**, the plaintiff demands judgment:

    (a) Reimbursement of all costs to the plaintiff incurred for the roof repairs caused by Defendants' negligence;

  (b)  Reimbursement of all costs incurred for the damage that was incurred, as a result of the water intrusion from the roof into the main building caused by Defendant's negligence;

  (c)  All costs associated with the installation of a new roof;

  (d)  Attorney's fees and fees;

  (e)  Other relief deemed equitable and just.

## SECOND COUNT - NEGLIGENCE

1. Plaintiff alleges and incorporates by reference, as though fully set forth, all of the preceding paragraphs.

2. On, September 27, 2011, Plaintiff entered into a contract for services with Defendant to install a brand new Polyglass roof on Mr. Lacroce's property located at 815 Hylton Road, Pennsauken, New Jersey.

3. Shortly after the brand new roof installation was complete, Plaintiff's roof started to leak.

4. Rather than getting to the bottom of why the brand new Polyglass roof was leaking, Defendant tried to "temporarily" repair and/or "band-aid" the brand new roof, coming to the property on repair calls over twenty five (25) times, further exacerbating the repeated water intrusion condition in a negligent manner.

5. The continued severe repeated water intrusion damaged the interior spaces of Plaintiff's building, specifically areas where Plaintiff has tenants.

6. This damage was directly caused by Defendant's negligence.

7. Due to their contractual relationship Defendant owed Plaintiff a duty of care in relation to the property he had placed under the supervision of the Defendant.

8. Defendant knew, or should have known, due to their years of experience as advertised,

"since 1934", the likelihood that if the new roof was installed incorrectly, that the roof would begin to leak.

9.  Defendant after multiple repair calls should have known the cause for the water intrusion and took the necessary steps to fix the roof deficiencies and/or replace the roof.

10. The severe repeated water intrusion damage to the building, was a direct result of the defendants' negligent installation and repair.

**WHEREFORE**, the plaintiff demands judgment:

(a)  Reimbursement of all costs to the plaintiff incurred for the roof repairs caused by Defendants' negligence;

(b)  Reimbursement of all costs incurred for the damage that was incurred, as a result of the water intrusion from the roof into the main building caused by Defendant's negligence;

(c)  All costs associated with the installation of a new roof;

(d)  Attorney's fees and fees;

(e)  Other relief deemed equitable and just.

**SICILIANO & ASSOCIATES, LLC**
Attorney for Plaintiff, Saverio Lacroce

BY: _____
SALVATORE J. SICILIANO, ESQUIRE

DATED: 11/24/14

**DESIGNATION OF TRIAL COUNSEL**

Salvatore J. Siciliano, Esquire is hereby designated as trial counsel in this matter

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues as allowed by law.

                                    **SICILIANO & ASSOCIATES, LLC**
                                    Attorneys for Plaintiff, Saverio Lacroce

                                    BY: _____
                                         SALVATORE J. SICILIANO, ESQUIRE

DATED: 11/24/14